# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GILLIAN LAMBEY,

                Plaintiff,

vs.

STATE OF NEVADA, *ex rel*, DEPARTMENT OF HEALTH AND HUMAN SERVICES,

                Defendant.

Case No. 2:07-cv-01268-RLH-PAL

**REPORT OF FINDINGS
AND RECOMMENDATION**

On December 29, 2009, the court held a hearing on an Order to Show Cause (Dkt. #50) why Plaintiff's counsel, Ms. Charmaine Clark, should not be removed from this case for her various failures to respond to court orders, appear for hearings when required, and show cause when ordered. The order to show cause directed that attorney Clark had until December 22, 2009 in which to show cause. No response to the order to show cause was filed. Counsel received electronic notice of the order to show cause on December 16, 2009 at the e-mail address she provided to the court. See Notice of Electronic Filing for Dkt. #50.

**FINDINGS**

1. On October 5, 2009, the court held a hearing on Defendant State of Nevada, Department of Health and Human Services' Motion for Sanctions (Dkt. #35). The motion sought an order sanctioning Plaintiff Gillian Lambey for her failure to appear for her deposition and compelling plaintiff to attend her next properly noticed deposition. The motion, which was supported by the affidavit of counsel for Defendant, Shannon C. Richards, represented that on July 31, 2009, Ms. Richards sent Ms. Clark a letter requesting a convenient date in August 2009 for Plaintiff's deposition. Ms. Clark did not respond.

2. On July 27, 2009, Ms. Richards contacted Ms. Clark's office to discuss Plaintiff's deposition and left a message for Ms. Clark. However, Ms. Richards did not receive a return call from Ms. Clark. Counsel for Defendant set Plaintiff's deposition for August 17, 2009 at 9:00 a.m. and filed a notice of taking the deposition.

3. On August 11, 2009, counsel for Plaintiff requested a continuance of Plaintiff's deposition to enable her to obtain a less expensive airline ticket to attend the deposition. Ms. Clark also claimed that she had moved offices and had not received correspondence or discovery in this case. Ms. Clark stated that the correspondence sent to her via facsimile was not received because her fax machine was also "non-operational;" however, counsel for Defendant received confirmations that all facsimile transmissions to Ms. Clark's office had been received. Ms. Clark did not respond to defense counsel's inquiries concerning whether she had received the electronic filing notices from the court in this matter. Counsel for Defendant agreed to Ms. Clark's request to continue the deposition and reset the deposition to August 26, 2009 as Ms. Clark requested.

4. On August 25, 2009, Ms. Clark left a voicemail for defense counsel, confirming Plaintiff's deposition on August 26, 2009 and stating that Ms. Clark had an early morning flight. Despite these communications, neither Ms. Clark nor the Plaintiff appeared for the scheduled deposition.

5. Counsel for Defendant waited with the court reporter for seventy minutes for Ms. Clark and Plaintiff to arrive and made a record concerning their failure to appear. See Errata (Dkt. #37) at Exhibit A.

6. On September 23, 2009, the court entered an Order (Dkt. #39) setting a hearing on Defendant's Motion for Sanctions (Dkt. #35) and allowed Ms. Clark to appear telephonically. The Order (Dkt. #35) directed counsel for Plaintiff to show cause why sanctions should not be imposed for Plaintiff's failure to appear at the scheduled deposition and stated that failure to comply with the order and/or failure to attend the hearing "will result in additional sanctions up to and including a recommendation to the district judge of case dispositive sanctions for the plaintiff's failure to engage in discovery, failure to attend her duly noticed deposition, and counsel's failure to respond to the motion and the court's order." Order (Dkt. #39) at 2:27-3:2.

7. The Order (Dkt. #39) also directed Ms. Clark to obtain local counsel in compliance with Local Rule IA 10-1(b) on or before October 2, 2009. To date, no filing has been made with the court indicating Plaintiff's counsel's compliance with this provision of the Order (Dkt. #39).

8. On October 5, 2009, the courtroom deputy attempted to contact Ms. Clark telephonically at the number listed for her on the court's docket. The courtroom deputy called twice and left two voicemails for Ms. Clark. Neither was returned. Counsel for Defendant was present. Plaintiff did not appear. The court indicated that it was unclear whether the failure to engage in discovery was the Plaintiff's or her counsel's, noting it is unclear whether Ms. Clark had communicated with Plaintiff. The court stated it was not inclined to recommend case dispositive sanctions without a showing that Plaintiff herself was not cooperating with discovery.

9. At the October 5th hearing, counsel for Defendant indicated that Plaintiff was still employed with Defendant, and the court required defense counsel to provide the Clerk of Court with Plaintiff's address so that she could be served with the court's recent orders and be made aware of the status of her case.

10. On September 23, 2009, counsel for defendant filed a Motion for Summary Judgment (Dkt. #38) in this matter.

11. On October 15, 2009, Ms. Clark filed a series of papers, including: (a) Motion for Extension to File Response to Order to Show Cause (Dkt. #42); (b) Motion for Extension of Time to File Response to Motion for Summary Judgment (Dkt. #43); (c) Motion to File Sealed Affidavits, for Protective Order, and for Closed Hearing (Dkt. #44); (d) Affidavit of Charmaine L. Clark (Dkt. #45); and (e) Motion for Reconsideration (Dkt. #46). These papers represented that in order to respond to the order to show cause, Ms. Clark needed to provide attorney-client privileged information to explain her failures to respond to numerous court orders and to appear in court when required. She asserted she was being stalked by a mentally disturbed former client, and she was unable to be in her law office. In addition, she stated there was private medical information that would explain her absence.

12. On October 20, 2009, the court conducted a status conference in this matter and found that Ms. Clark had not responded to the Motion for Summary Judgment (Dkt. #38) or an Order to Show Cause (Dkt. #39) entered against her for her failure to appear at the October 5, 2009 hearing.

1    13.     Although Plaintiff appeared at the October 20, 2009 hearing, Ms. Clark did not.  On the morning of the hearing, Ms. Clark contacted the Clerk of the Court at 7:00 a.m. and left a number where she could be reached.  That number was different than the number she provided in her Affidavit (Dkt. #45).  The courtroom deputy made numerous calls to Ms. Clark at both numbers she provided, before and during the hearing.  Ms. Clark did not answer the phone, but the courtroom deputy left voicemails on both lines that were never returned.

14.    The court provided Plaintiff with a copy of the October 16, 2009 Order (Dkt. #39). Plaintiff stated that she was in contact with her lawyer, and she expected Ms. Clark to appear telephonically at the hearing.

15.    At the October 20th hearing, the court advised Plaintiff why Defendant filed its Motion for Sanctions (Dkt. #35) and inquired why Plaintiff failed to appear at her scheduled deposition. Plaintiff informed the court that Ms. Clark stated the deposition could not go forward because it would violate a court order, and Ms. Clark would file something with the court to clarify the matter.  The court advised Plaintiff that nothing had been filed by Ms. Clark.

16.    Despite the court's concern that Ms. Clark was not representing Plaintiff's best interests, the court permitted Ms. Clark to respond to the order to show cause and file any affidavit under seal. The court granted Ms. Clark a protective order, and allowed Ms. Clark an extension of time until November 10, 2009 to respond to Defendant's Motion for Summary Judgment.  See Dkt. #48.

17.    Ms. Clark did not file a response to Defendant's Motion for Summary Judgment (Dkt. #38) on November 10, 2009 or request a further extension.

18.    Despite the extension granted by the court, Ms. Clark did not file a response to the Order to Show Cause on October 30, 2009 or request a further extension.

19.    Ms. Clark did not file any sealed affidavits to support her response to the Order to Show Cause as she requested to do.

20.    Ms. Clark did not show cause on October 30, 2009 for her failure to appear at the October 20th hearing and for her failure to be available telephonically on that date.  She did not request any extension of time in which to do so.

/ / /

21. On December 15, 2009, the court received a letter from Plaintiff regarding her failure to appear at a settlement conference scheduled for December 1, 2009. The letter apologizes and explains that Plaintiff has attempted to contact Ms. Clark since November 24, 2009, to no avail. Plaintiff states that Ms. Clark has not returned any of her phone calls, and she has no idea what is going on with her case. She also indicated she was in the process of trying to retain new counsel.

22. The court set the December 1, 2009 settlement conference on August 3, 2009. Defendant submitted its confidential settlement statement as required. Plaintiff did not. Despite nearly four months' notice, neither Plaintiff, Ms. Clark, Defendant, or defense counsel appeared on December 1, 2009 for the settlement conference.

23. The court entered an Order to Show Cause (Dkt. #50), finding that since the court's October 21, 2009 Order (Dkt. #48), Ms. Clark had not: (a) responded to the order to show cause; (b) filed a response to Defendant's motion for summary judgment; (c) filed any sealed affidavits explaining her failures as she requested; or (d) shown cause for her failure to appear at the October 20, 2009 hearing. Moreover, Ms. Clark did not obtain local counsel as required by the Local Rules for out-of-state attorneys practicing in this District. As a result, the court again ordered Ms. Clark to show cause by December 22, 2009 why she should not be removed as counsel of record and set a hearing for December 29, 2009. The court warned Ms. Clark that "failure . . . to comply with this order and failure to attend the hearing will result in a recommendation to the district judge that [Ms. Clark] be removed as counsel of record in this case and that her privilege to practice in federal court in this district be revoked." See Order to Show Cause, Dkt. #50).

24. On December 29, 2009, Ms. Clark failed to appear at the show cause hearing. Plaintiff and counsel for Defendant were present. Plaintiff stated she had not been in contact with Ms. Clark since November 14, 2009, and Ms. Clark's phone was no longer accepting voicemails. Plaintiff indicated she no longer wanted Ms. Clark to represent her.

25. At the December 29th hearing, the court outlined Ms. Clark's various failures to appear and respond to motions and orders of this court. The court found that Ms. Clark, rather than Plaintiff, was responsible for the delays and failures to respond or appear.

///

1	26.	At the December 29th hearing, Plaintiff stated that she had sent a letter to Judge Hunt,
2 which has since been docketed by the Clerk.  See Dkt. #53.  The letter indicated that Plaintiff had been
3 trying in vain to reach Ms. Clark, that Ms. Clark had not informed her of various court dates, and Ms.
4 Clark misrepresented provisions of this court's orders concerning Plaintiff's deposition.  Plaintiff also
5 indicated that she is attempting to secure new counsel, but she had not been successful.  She also
6 expressed a willingness to consider a settlement offer from Defendant.

**DISCUSSION**

8	Local Rule IA 4-1 provides, "The court may, after notice and opportunity to be heard, impose
9 any and all sanctions on an attorney . . . who, without just cause: (a) Fails to appear when required for
10 pretrial conference, argument on motion, or trial; . . . (c) Fails to comply with these rules; or (d) Fails to
11 comply with any order of this court."  An attorney admitted to practice in this court must affirm that he
12 or she will conduct himself or herself as an attorney and counsel of the court uprightly and
13 professionally.  See LR IA 10-1(a)(4).
14	Ms. Clark's failure to comply with multiple court orders; failing to file a response to the court's
15 Order to Show Cause (Dkt. #42); failure to file a response to Defendant's Motion for Summary
16 Judgment (Dkt. #43) as ordered; failure to file sealed affidavits as she requested as ordered; failure to
17 show cause for her failure to appear at the October 20, 2009, December 14, 2009, and December 29,
18 2009 hearings or to be available by phone; and failure to retain local counsel in compliance with the
19 Local Rules are abusive litigation practices that have interfered with the court's ability to hear this case,
20 delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and
21 threatened the integrity of the court's orders and the orderly administration of justice.  See, e.g., Lasar v.
22 Ford Motor Co., 399 F.3d 1101, 1113-14 (9th Cir. 2005) (district court could have imposed lifetime ban
23 on attorney from appearing *pro hac vice* in the district so long court provided adequate notice of the
24 potential sanctions and allowed counsel an opportunity to respond).  Ms. Clark has also jeopardized her
25 client's claims and prejudiced her client by abandoning her on the eve of trial.  Sanctions less drastic
26 revoking Ms. Clark's privilege to practice law in federal district court in the District of Nevada are
27 unavailable because Ms. Clark has wilfully refused to comply with multiple court orders and the Local
28 Rules of Practice.

For all the foregoing reasons,

**IT IS RECOMMENDED** that Ms. Charmaine Clark's privilege to practice law in federal district court in the District of Nevada be revoked due to her repeated failures to comply with court orders, respond to court orders to show cause, respond to various pretrial motions, engage in the discovery process, and appear for court when required.

Dated this 19th day of January, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE